UNITED STATES of America,
Plaintiff–Appellee,

v.

Mariano ARISTA–BARRAGON,
Defendant–Appellant.

No. 00–50353.
D.C. No. CR–99–03541–JSR.

United States Court of Appeals,
Ninth Circuit.

Submitted April 17, 2001.*

Decided April 19, 2001.

R.App. P. 34(a)(2).

Before PREGERSON, FERNANDEZ, and GRABER, Circuit Judges.

## MEMORANDUM [**]

Defendant Mariano Arista–Barragon appeals his conviction, under 8 U.S.C.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

§ 1326, for being a deported alien found in the United States. He challenges the district court's denial of his motion to dismiss the indictment against him on the ground of outrageous government conduct. We affirm.

## A. *Due Process*

■ The dismissal of an indictment is a drastic and disfavored remedy. *See, e.g., United States v. Rogers,* 751 F.2d 1074, 1076–78 (9th Cir.1985) (discussing generally the inappropriateness of the remedy and the preferability of suppression as a remedy). The remedy is available when "(1) the government utilizes unwarranted physical or mental coercion to effectuate the crime; or (2) the police completely fabricate the crime solely to secure the defendant's conviction." *United States v. Emmert,* 829 F.2d 805, 811 (9th Cir.1987). We review de novo the district court's refusal to dismiss an indictment on the ground that outrageous government conduct violated a defendant's due process rights. *Id.* at 810–11.

■ Defendant does not argue that the government had any involvement whatsoever in the criminal activity that led to his conviction: his conduct of being in the United States after having been deported. Instead, he contends that the government was so outrageous in its efforts to detect his offense and arrest him that the indictment must be dismissed. A dismissal of the indictment on due process grounds is not applicable, because the government neither effectuated Defendant's crime through coercion nor fabricated the crime.

## B. *Supervisory Powers*

■ If challenged government conduct does not constitute a due process violation, "the court may nonetheless dismiss under its supervisory powers." *United States v. Barrera–Moreno,* 951 F.2d 1089, 1091 (9th Cir.1991). A court may exercise its supervisory powers "to remedy a constitutional or statutory violation; to protect judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; or to deter future illegal conduct." *Id.* We review for abuse of discretion the district court's refusal to dismiss an indictment under its supervisory powers. *Id.*

■ Because this case was tried to a judge, the second reason for dismissing an indictment under the court's supervisory powers does not apply. Defendant has not shown that the other two reasons apply, either. He argued to the district court simply that the "totality of the circumstances" warranted dismissal; he did not identify particular constitutional or statutory provisions allegedly violated by the government's conduct. Our review of the record discloses no obvious constitutional or statutory violation or illegal conduct. Defendant made no showing that his alternative remedies (suppression of evidence for an improper stop, or a civil action for excessive force during an arrest) were inadequate. On these facts, the district court did not abuse its discretion.

AFFIRMED.